PAUL V. SIMPSON, BAR NO. 83878
JAMIE RUDMAN, BAR NO. 166727
KENDALL M. BURTON, BAR NO. 228720
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendant AJW Construction, Inc.

ORIGINAL FILED
SEP 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| HIPOLITO ACOSTA, JESUS ACOSTA, FILEMON GARCIA, ENRIQUE JAUREGUI, SAUL LOZANO, RICARDO MUNGUIA, JUAN M. NAVARRO, JUAN RODRIGUEZ; EVERARDO VILLA, <br><br> Plaintiffs, <br><br> v. <br><br> AJW CONSTRUCTION, a California corporation; and DOES I through XX, <br><br> Defendant. | Case No. C07-04829 <br><br> ANSWER TO COMPLAINT FOR DAMAGES |

SC

BY FAX

Defendant AJW Construction (hereinafter, "Defendant") answer the Complaint for Damages as follows:

## GENERAL ALLEGATIONS

1. In answer to paragraph 1 of the Complaint, Defendant does not have sufficient knowledge and information upon which to base a response and therefore denies the allegations of paragraph 1.

2. In answer to paragraph 3[sic] of the Complaint, Defendant admits the allegations of paragraph 3.

3. In answer to paragraph 4 of the Complaint, Defendant does not have sufficient knowledge and information upon which to base a response and therefore denies the allegations of paragraph 4.

4. In an answer to paragraph 5 of the Complaint, Defendant re-alleges and incorporates by reference its responses to paragraphs 1 through 4 of the Complaint as if fully stated herein.

5. In answer to paragraph 6 of the Complaint, Defendant admits the allegations of paragraph 5.

6. In answer to paragraph 7 of the Complaint, Defendant admits the allegations of paragraph 7.

7. In answer to paragraph 8 of the Complaint, Defendant admits the allegations of paragraph 7.

8. In answer to paragraph 9 of the Complaint, Defendant admits the allegations of paragraph 9.

9. In answer to paragraph 10 of the Complaint, Defendant admits the allegations of paragraph 10.

10. In answer to paragraph 11 of the Complaint, Defendant admits the allegations of paragraph 11.

11. In answer to paragraph 12 of the Complaint, Defendant admits that it employed Plaintiff Juan Manuel Navarro at its facility in the Count of Alameda. Except as expressly admitted herein, Defendant denies the allegations of paragraph 12.

12. In answer to paragraph 13 of the Complaint, Defendant admits that it employed Plaintiff Juan Rodriguez at its facility in the Count of Alameda. Except as expressly admitted herein, Defendant denies the allegations of paragraph 13.

13. In answer to paragraph 14 of the Complaint, Defendant admits the allegations of paragraph 14.

14. In answer to paragraph 16 of the Complaint, Defendant denies the allegations of paragraph 16.

15. In answer to paragraph 17 of the Complaint, Defendant denies the allegations of paragraph 17.

16. In answer to paragraph 18 of the Complaint, Defendant denies the allegations of paragraph 18.

17. In answer to paragraph 19 of the Complaint, Defendant denies the allegations of paragraph 19.

18. In answer to paragraph 20 of the Complaint, Defendant denies the allegations of paragraph 20.

19. In answer to paragraph 21 of the Complaint, Defendant denies the allegations of paragraph 21.

20. In answer to paragraph 22 of the Complaint, Defendant denies the allegations of paragraph 22.

21. In answer to paragraph 23 of the Complaint, Defendant denies the allegations of paragraph 23.

22. In answer to paragraph 24 of the Complaint, Defendant denies the allegations of paragraph 24.

23. In answer to paragraph 27 of the Complaint, Defendant re-alleges and incorporates by reference its responses to paragraphs 1 through 24 of the Complaint as if fully stated herein.

24. In answer to paragraph 28 of the Complaint, Defendant denies the allegations of paragraph 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE. to each and every cause of action, Defendant avers that Plaintiffs' Complaint fails to state sufficient facts to constitute any cause of action or claim upon which relief may be granted.

//

//

//

## SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs' claims for relief are barred by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs' claims for relief are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs are barred from any and all recovery by virtue of their conduct constituting a waiver of each and every alleged claim for relief.

## FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs are estopped by their own actions and conduct from seeking recovery on his claims for relief.

## SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs' failed to exhaust the grievance-arbitration provisions of the collective bargaining agreement as a condition precedent to filing suit.

## SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs' claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA").

## EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant avers that Plaintiffs' claims are preempted in whole or in part by the Employee Income Security Retirement Act ("ERISA"), 29 U.S.C. § 1001 et seq.

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, to Plaintiff Hipolito Acosta's causes of action, Defendant avers that Plaintiff's claims are barred in whole or in part by accord and satisfaction and/or payment and release.

### TENTH AFFIRMATIVE DEFENSE

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to Plaintiff Enrique Jauregui's causes of action, Defendant avers that Plaintiff's claims are barred in whole or in part by accord and satisfaction and/or payment and release.

### ELEVENTH AFFIRMATIVE DEFENSE

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to Plaintiff Ricardo Munguia's causes of action, Defendant avers that Plaintiff's claims are barred in whole or in part by accord and satisfaction and/or payment and release.

### TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, to Plaintiff Filemon Garcia's causes of action, Defendant avers that Plaintiff's claims are barred in whole or in part by accord and satisfaction and/or payment and release.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to Plaintiff Everardo Villa's causes of action, Defendant avers that Plaintiff's claims are barred in whole or in part by accord and satisfaction and/or payment and release.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiffs have failed to state a claim for an award of attorneys' fees or costs.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiffs have failed to state a claim for an award of exemplary or punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, to each and every cause of action, Defendant alleges that Plaintiffs are not entitled to penalties pursuant to Labor Code Section 203.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to it. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses are available.

WHEREFORE, Defendant prays for judgment as follows:

1. That this case by dismissed;
2. That Plaintiffs take nothing by their Complaint;
3. That judgment be entered in favor of Defendant;
4. That Defendant be awarded its attorneys' fees and costs herein;
5. That the Court awards Defendant such other and further relief as this Court deems proper.

Date: September 19, 2007

Respectfully submitted,

SIMPSON, GARRITY & INNES
Professional Corporation

By: /s/ Kendall Burton
PAUL V. SIMPSON
JAMIE RUDMAN
KENDALL M. BURTON
Attorneys for Defendant AJW Construction, Inc.

## PROOF OF SERVICE BY MAIL

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is Simpson, Garrity & Innes, Professional Corporation, 601 Gateway Boulevard, Suite 950, South San Francisco, CA 94080.

On the date indicated below, I served by mail a true copy of the following documents:

### ANSWER TO COMPLAINT FOR DAMAGES

I am readily familiar with the practice of this business for collection and processing of documents for mailing with the United States Postal Service. Documents so collected and processed are placed for collection and deposit with the United States Postal Service that same day in the ordinary course of business. The above-referenced document(s) were placed in (a) sealed envelope(s) with postage thereon fully prepaid, addressed to each of the below listed parties and such envelope(s) was (were) placed for collection and deposit with the United States Postal Service on the date listed below at South San Francisco, California.

John E. Hill, Esq.
Michael P. Guta, Esq.
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2007, at South San Francisco, California.

Tracy Kecskemeti