Michael P. Guta (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone:   (510) 588-1000
Facsimile:   (510) 729-6333

Attorneys for Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIPOLITO ACOSTA, JESUS ACOSTA, FILEMON GARCIA, ENRIQUE JAUREGUI, SAUL LOZANO, RICARDO MUNGUIA, JUAN M NAVARRO, JUAN RODRIGUEZ, EVERARDO VILLA<br><br>Plaintiff,<br><br>vs.<br><br>AJW CONSTRUCTION, a California corporatuion, and DOES I through XX,<br><br>Defendants. | Case No. C 07-04829 SC<br><br>DECLARATION OF MICHAEL P. GUTA IN SUPPORT OF MOTION TO REMAND REMOVED ACTION AND FOR ATTORNEY FEES AND COSTS<br><br>Date:  November 16, 2007<br>Time:  10:00 a.m.<br>Place: Courtroom 1, San Francisco<br>       Hon. Samuel Conti |

I, MICHAEL P. GUTA, declare as follows:

1.   I am an attorney at law, admitted to practice in California, and attorney for Plaintiff herein. I am fully familiar with the facts attested to herein, and if called as a witness could and would testify competently.

2.   On August 28, 2007, counsel for Defendant sent me a letter claiming Plaintiffs' causes

1

DECLARATION OF MICHAEL P. GUTA
IN SUPPORT OF
MOTION TO REMAND REMOVED ACTION

3. In my reply dated August 29, 2007, attached hereto as Exhibit A, I advised counsel for Defendants that any agreement purportedly reached by the employer and the collective bargaining agent for the benefit of the individual Plaintiffs cannot affect the individual Plaintiffs' rights to wages earned and payable to the individual Plaintiff. [*Barrentine v. Arkansas-Best Freight Systems, Inc.* (1981) 450 U.S. 728, 745; *Local 246, Utility Workers Union v. Southern Cal. Edison Company* (9th Cir. 1996) 83 F.3d 292].

4. I further advised counsel for Defendants that if he attempted to remove this matter to Federal court, I would move to remand the matter as being improvidently removed, and this correspondence was our notice to him that such an action on his part would be frivolous and in violation of Federal Rule of Civil Procedure 11, in addition to the attorney's fees awardable for actions improvidently removed. An individual's wage claim does not implicate the collective bargaining agreement and there would be no Federal jurisdiction for a wage claim for California residents employed in California.

5. Attached hereto as Exhibit A is a true and correct copy my letter faxed to Paul Simpson, Esq. on August 29, 2007.

6. I have spent three hours in preparation of this motion. My billing rate is $300.00/hour. Plaintiffs request $900.00 in attorney fees.

Under penalty of perjury, I declare the foregoing to be a true and correct declaration executed at Oakland, California.

Dated: 10/12/07

MICHAEL P. GUTA

2

DECLARATION OF MICHAEL P. GUTA
IN SUPPORT OF
MOTION TO REMAND REMOVED ACTION

**Exhibit A**

# LAW OFFICES OF JOHN E. HILL

### A PROFESSIONAL CORPORATION

John E. Hill *
Daniel A. Stenson
Michael P. Guta
Ian M. Cooper
Mark J. Shostak
Inna Bimits
Joanne A. Helvig

Of Counsel
Melvin M. Belli (1907-1996)

*Certified Specialist: Civil Trial Advocate
Certified by National Board of Trial Advocacy
Accredited by State Bar of California

**ATTORNEYS AT LAW**

8105 Edgewater Drive, Suite 100
Oakland, California 94621-2017

Telephone (510) 588-1000
General Facsimile (510) 729-6333
E-mail: johnhill@hill-law-offices.com

San Francisco Office
747 Leavenworth Street
San Francisco, California 94109
Telephone (415) 398-2434
Facsimile (415) 392-2809

Los Angeles Office
1112 11th Street, Suite 3
Santa Monica, California 90403
Telephone: 310-260-2100

August 29, 2007

**TRANSMITTED BY FACSIMILE**

Paul Simpson, Esq.
SIMPSON, GARRITY & INNES
501 Gateway Boulevard, Ste 950
South San Francisco, CA 94080

Re:   *Acosta, et al. v. AJW Construction,* No. RG 07341397

Dear Mr. Simpson:

I am in receipt of your letter of August 28, 2007 claiming Plaintiffs' causes of action are barred by a Settlement negotiated by Plaintiffs' collective bargaining agent. Please be advised that any agreement purportedly reached by the employer and the collective bargaining agent for the benefit of the individual Plaintiffs cannot affect the individual Plaintiffs' rights to wages earned and payable to the individual Plaintiff. [*Barrentine v. Arkansas-Best Freight Systems, Inc.* (1981) 450 U.S. 728, 745; *Local 246, Utility Workers Union v. Southern Cal. Edison Company* (9th Cir. 1996) 83 F.3d 292]

If you attempt to remove this matter to Federal court, we will move to remand the matter as being improvidently removed, and this correspondence is our notice to you that such an action on your part would be frivolous and in violation of Federal Rule of Civil Procedure 11, in addition to the attorney's fees awardable for actions improvidently removed. An individual's wage claim does not implicate the collective bargaining agreement and there would be no Federal jurisdiction for a wage claim for California residents employed in California.

Letter/fax to Paul Simpson, Esq.
August 29, 2007
Page -2-

      As far as your interest in discussing this matter, if you have a new interest in discussing this matter, I would be happy to do so.

                              Very truly yours,

                              Michael P. Guta

MPG/m

07 0829 3