Michael P. Guta (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile:  (510) 729- 6333

Attorneys for Applicants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIPOLITO ACOSTA, JESUS ACOSTA, FILEMON GARCIA, ENRIQUE JAUREGUI, SAUL LOZANO, RICARDO MUNGUIA, JUAN M NAVARRO, JUAN RODRIGUEZ, EVERARDO VILLA .<br><br>Plaintiffs<br><br>vs.<br><br>AJW CONSTRUCTION, a California corporatuion, and DOES I through XX,<br><br>Defendants. | Case No.  C 07-04829 SC<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND REMOVED ACTION AND FOR ATTORNEY FEES AND COSTS<br><br>Date:   November 16, 2007<br>Time:  10:00 a.m.<br>Place:  Courtroom 1,  San Francisco<br>Hon. Samuel Conti |

In support of their motion Plaintiffs respectfully submit the following Points and Authorities:

**I. INTRODUCTION**

HIPLOITO ACOSTA, JESUS ACOSTA, FILEMON GARCIA, ENRIQUE JAUREGUI, SAUL LOZANO, RICARDO MUNGUIA, JUAN MANUEL NAVARRO,  JUAN RODRIGUEZ,  and EVERARDO VILLA, plaintiffs in the above- entitled action, move to

1
_____
POINTS AND AUTHORITIES
070921 3           SUPPORTING MOTION TO REMAND REMOVED ACTION

remand the above entitled cause to the Superior Court of California, County of Alameda, the court in which this matter was pending at the time Defendant, AJW CONSTRUCTION, caused it to be removed to this Court. Removal is sought on the grounds that the cause was improvidently removed and is not within the jurisdiction of this court, in that the removed wage claims do not present a claim or right arising under the Constitution, treaties or laws of the United States.

## II. SUMMARY OF ARGUMENT

Defendants have removed this action filed under California Labor Code Section 216. While the Complaint does not mention Federal Law, defendants based their removal on grounds that plaintiff's "garden variety" wage claim is pre-empted by the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") 29 U.S.C. 1001 et seq. and the National Labor Management Relations Act of 1947 (hereinafter "L.M.R.A.," 29 U.S.C. 185).[grounds of diversity [28 U.S.C §§ 1332(a)1), 1441, and 1446.]

## III. APPLICABLE LAW

28 U.S.C. § 1447 states::

> "(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.
>
> (b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.
>
> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be

2
POINTS AND AUTHORITIES
SUPPORTING MOTION TO REMAND REMOVED ACTION

070921 3

mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

## IV. ARGUMENT

**A. Defendants Have the Burden to Establish Grounds for Removal**

The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. It also has the burden of showing that it has complied with the procedural requirements for removal. [*Parker v, Brown* (SD OH 1983) 570 F. Supp. 640] Here, defendants cannot establish grounds for removal as will be shown below.

**B. Removal Must Be Determined by the Face of Plaintiff's Complaint**

It is well established that a case cannot be removed to federal court on the basis of a federal defense of preemption. Consequently, federal question jurisdiction must be invoked on the face of the plaintiff's complaint. [*Caterpillar, Inc. v. Williams* (1987) 482 U.S. 386, 392-393] Without explanation. Defendant's Notice of Removal claims Plaintiffs' Complaint arises under a collective bargaining agreement and ERISA. The Plaintiff's well-pleaded complaint

does not raise issues or causes of action under either the provision of Section 502 of Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") or provisions of Section 301 of the National Labor Management Relations Act of 1947 (hereinafter "LMRA"), as asserted by the defendant. The Plaintiff's complaint clearly does not assert any rights arising under federal law but rather seeks to enforce statutory rights to wages earned imposed by state law.

If such a claim is pre-empted by ERISA, the Federal courts would have original jurisdiction of the claim..Thus, every worker with a wage claim under California law could seek his remedy in federal court. That is not the law. [*Karambelas v. Hughes Aircraft Co.* (9th Cir. 1993) 992 F.2d 971.]

Thus, removal must be determined by the face of Plaintiff's Complaint

### C. Plaintiff's Claim Arises Out of State Law and Not the Collective Bargaining Agreement Nor E.R.I.S.A.

The plaintiff's claim is not preempted by Section 301 of LMRA. In *Lingle v. Norge Division of Magic Chef, Inc*. (1988) 486 U.S. 399, the United States Supreme Court determined that Section 301 preempts state law only where its application requires the interpretation of the collective bargaining agreement. The court further found that claims are considered "independent" of Section 301 where the enforcement of its remedies do not require analysis of the collective bargaining agreement. Any agreement purportedly reached by the employer and the collective bargaining agent for the benefit of the individual Plaintiffs cannot affect the individual Plaintiffs' rights to wages earned and payable to the individual Plaintiff. [*Barrentine v. Arkansas-*

4_____
POINTS AND AUTHORITIES
SUPPORTING MOTION TO REMAND REMOVED ACTION

*Best Freight Systems, Inc.* (1981) 450 U.S. 728, 745; *Utility Workers Union v. Southern Cal. Edison Company* (9th Cir. 1996) 83 F.3d 292.] Labor Code claims involve factual questions of an employer's conduct toward the plaintiff and not a union. This right to wages owed is governed by state law, not a collective bargaining agreement.

Moreover, it is well settled that when the plaintiff's complaint does not plead an E.R.I.S.A cause of action, and E.R.I.S.A. is not the only basis for the complaint, there is no basis for removal. [*Karambelas v. Hughes Aircraft Co.* (9th Cir. 1993) 992 F.2d 971.]

In *Karambelas v. Hughes Aircraft Co.* (9th Cir. 1993) 992 F.2d 971, the court stated:

> "Of course, in the area of complete preemption if the true gravamen of the action is a federal claim – such as deprivation of pension plan benefits – the plaintiff cannot avoid preemption by pleading purported state claim. *See Sorosky*, 826 F.2d at 799-800. ERISA is one of those areas. *Metropolitan Life Ins. Co. v. Taylor* (1987) 481 U.S. 58, 64-67.
>
> Nevertheless, even where there is complete preemption, removal must be approached with great care. The Supreme Court explored that in *Caterpillar*. There the plaintiffs pled a state action for breach of contract and did *not* reefer in any way to a collective bargaining agreement (CBA). Defendant claimed there was a CBA and that the plaintiffs could not, as a matter of law, have a separate employment contract. 482 U.S. at 390. Thus, defendant said, there must be complete preemption, so removal was proper. The Supreme Court disagreed. It first pointed out that plaintiff was "the master of the claim ... ." *Id.* At 392. It then acknowledged the complete preemption doctrine which *could* convert the action into a federal action despite the nature of the plaintiff's pleading. *Id.* At 393. The Court concluded "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399 (emphasis in original)

This case is much like *Caterpillar*. Here, too, it might be that

5_____
POINTS AND AUTHORITIES
SUPPORTING MOTION TO REMAND REMOVED ACTION

> Karambelas could claim that his ERISA rights were violated. He has not done so. In fact, he informed the district court that he cannot do so. As he put it, "Karambelas has no factual basis for asserting an ERISA claim and one cannot be alleged consistently with Rule 11 of the Federal Rules of Civil Procedure." This, of course, distinguishes Karambelas' claim from *Sorosky* where the plaintiff pled that the employer sought to prevent him from obtaining benefits. 826 F.2d at 800. This case also differs from *Tingey v. Pixley-Richards West, Inc.* (9th Cir. 1992) 953 F.2d 1124. There the plaintiff pled that the very purpose of the employer's actions was to deprive the family of medical benefits. *Id.* at 1128 -30. For the same essential reason, this case differs from *Nishimoto v. Federman-Bachrach & Assoc.* (9th Cir. 1990)903 F.2d 709- 712-713. This case is more like *Ethridge v. Harbor House Restaurant* (9th Cir. 1988) 861 F.2d 1389, 1404-05, where we held that if the loss of ERISA benefits was a result of rather than a motivation for a wrongful discharge, there was no cause of action under ERISA."

. *Karambelas v. Hughes Aircraft Co.* (9th Cir. 1993) 992 F.2d 971, 973-974

Here, Plaintiffs' Complaint alleges a "loss of earning, deferred compensation, and other employment benefuits." It does not allege loss of pension benefits and any, loss of benefits would be merely the result of their failure to receive wages owed.

Thus, Plaintiff's claim arises out of state law and not the collective bargaining agreement nor E.R.I.S.A.

**D.   Plaintiff is entitled to Fees and Costs in having to File the Instant Motion.**

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . ." [28 U.S.C. § 1447(c)]

6

POINTS AND AUTHORITIES
SUPPORTING MOTION TO REMAND REMOVED ACTION

In the instant action, Defendants improvidently removed this action for which this court lacks subject matter jurisdiction, as the plaintiff's claim does not arise under federal law.  Moreover, the removal was vexatious and in bad faith.  Despite plaintiff's counsel's efforts to resolve the matter without the court's intervention [see Declaration of Michael P. Guta], defendants have refused.  Thus, plaintiff is entitled to fees and costs in the amount of $900.00 in having to file the instant motion.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted, the matter should be remanded, and Plaintiff's attorneys be awarded reasonable attorney's fees of $900.00  under 28 U.S.C. 1447(c).

Dated:   10/15/07

LAW OFFICES OF JOHN E. HILL


By:            /s/
    Michael P. Guta
    Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8
POINTS AND AUTHORITIES
SUPPORTING MOTION TO REMAND REMOVED ACTION