PAUL V. SIMPSON, BAR NO. 83878
JAMIE RUDMAN, BAR NO. 166727
KENDALL M. BURTON, BAR NO. 228720
SIMPSON, GARRITY & INNES
Professional Corporation
601 Gateway Boulevard, Suite 950
South San Francisco, CA 94080
Telephone: (650) 615-4860
Fax: (650) 615-4861

Attorneys for Defendant AJW Construction, Inc.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIPOLITO ACOSTA, JESUS ACOSTA, FILEMON GARCIA, ENRIQUE JAUREGUI, SAUL LOZANO, RICARDO MUNGUIA, JUAN M. NAVARRO, JUAN RODRIGUEZ; EVERARDO VILLA,<br><br>Plaintiffs,<br><br>v.<br><br>AJW CONSTRUCTION, a California corporation; and DOES I through XX,<br><br>Defendant. | Case No. 07-04829 SC<br><br>DECLARATION OF PAUL V. SIMPSON IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION TO REMAND REMOVED ACTION AND FOR ATTORNEYS FEES AND COSTS<br><br>Date: November 16, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1, San Francisco<br>Hon. Samuel Conti |

I, Paul V. Simpson, do hereby declare and state:

1.  I am an attorney duly licensed to practice law before all the courts of the State of California, and am a shareholder in the law firm of Simpson, Garrity & Innes, attorneys of record for AJW Construction, Inc. ("AJW"), in the above-entitled action. If called and sworn as a witness, I can competently testify to the matters stated herein as true and correct.

2.  On August 28, 2007, on behalf of AJW, I sent a letter to Plaintiffs' counsel, John E. Hill, by facsimile regarding this action. In my letter, I informed Mr. Hill that Plaintiffs' employment with AJW was governed by a collective bargaining agreement between AJW and the Northern District Council of Laborers. I further informed Mr. Hill that Plaintiffs had asserted

{CLIENT FILES\20444\5\00080835.DOC}
- 1 -

claims that were preempted by Section 301 of the Labor Management Relations Act and the Employment Retirement and Income Security Act of 1974 ("ERISA") and that AJW intended to remove this action to federal court. I also informed Mr. Hill that several Plaintiffs had signed a settlement agreements resolving their claims for unpaid wages against AJW, and that the settlement agreements barred the wage claims pled in this action. A true and correct copy of my letter to Mr. Hill is attached as Exhibit C to this declaration.

3. Mr. Hill sent a response to my letter by facsimile on August 29, 2007. Mr. Hill did not dispute that some Plaintiffs had signed settlement agreements encompassing wage claims, but disputed whether the settlements foreclosed further litigation over the same subject matter. Mr. Hill also did not dispute that Plaintiffs' employment was governed by a collective bargaining agreement. Mr. Hill threatened to file a motion to remand if AJW attempted to remove this action to federal court. A true and correct copy of Mr. Hill's response to my letter is attached as Exhibit D to this declaration.

4. AJW has not removed this action to federal court in bad faith. AJW has removed this action because Plaintiffs' claims for unpaid wages and/or vacation benefits are completely preempted by both the LMRA and ERISA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25 day of October 2007, at South San Francisco, California.

_____
Paul V. Simpson

# EXHIBIT C

# SIMPSON, GARRITY & INNES

PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
601 GATEWAY BOULEVARD, SUITE 950
SOUTH SAN FRANCISCO, CALIFORNIA 94080
TELEPHONE: (650) 615-4860
FACSIMILE: (650) 615-4861
WWW.SGILAW.COM

PAUL V. SIMPSON
PSIMPSON@SGILAW.COM

CONFERENCE FACILITIES
AVAILABLE IN SAN JOSE,
PLEASANTON & MARIN

August 28, 2007

John E. Hill, Esq.
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, CA 94621

Re: Acosta, et al. v. AJW Construction, Inc.
Alameda County Superior Court Case No. RG-07-341397
Our File #20444-5

Dear Mr. Hill:

The undersigned represents AJW Construction, Inc. in connection with the above-referenced civil action. Please direct all future communications concerning this matter to my attention.

At all times material herein the Plaintiffs' employment conditions were governed by the terms of the collective bargaining agreement between Defendant and the Northern California District Council of Laborers. Plaintiffs have asserted claims that are preempted by Section 301 of the Labor Management Relations Act and ERISA. Defendant anticipates removing the lawsuit to federal court absent its resolution by September 10, 2007.

In addition to the preemption defenses, Plaintiffs Hipolito Acosta, Jesus Acosta, Filemon Garcia, Enrique Jauregui, Ricardo Munguia, Juan Rodriguez, and Everardo Villa entered into enforceable settlement agreements resolving all claims encompassed by the Complaint. The settlement agreements were negotiated on their behalf by legal counsel for their union. The settlement agreements were entered into knowingly and voluntarily. The agreements were presented and signed in English and Spanish. Settlement checks were issued and presented to Plaintiffs' union agent for distribution. The union returned the uncashed checks to my client when Plaintiffs' did not pick them up. Please distribute the enclosed settlement checks to your clients. Please have them execute the enclosed Acknowledgment and Receipts and return them to my office. Regardless of whether they cash the settlement checks, the settlement agreements constitute binding accords and satisfaction foreclosing their claims.

Please also note that your clients are subject to payment of AJW Construction, Inc.'s attorneys' fees pursuant to Labor Code section 218.5 should my client prevail in the action.

{CLIENT FILES\20444\5\00078537.DOC}

---

      In addition to the foregoing, Plaintiffs executed acknowledgments confirming they were paid for hours worked and received meal and rest periods. Enclosed is a representative sampling of the acknowledgments executed by each of the Plaintiffs.

      In summation, I do not believe there is probable cause for proceeding with the lawsuit against Defendant. I respectfully request that Plaintiffs file a dismissal of the action before my client incurs further legal fees in connection with this case.

      If you would like to discuss this matter informally, I welcome the opportunity to meet with you next week. I look forward to hearing from you.

                      Very truly yours,

                        Paul V. Simpson

PVS/tk
Enclosures
cc:    AJW Construction, Inc. (w/o enclosures)
        Attn: Alfonso Quintor

# EXHIBIT D

{Client Files\31318\1\00080583.DOC}

# LAW OFFICES OF JOHN E. HILL

A PROFESSIONAL CORPORATION

John E. Hill *
Daniel A. Stenson
Michael P. Guta
Ian M. Cooper
Mark J. Shostak
Inna Bimits
Joanne A. Helvig

Of Counsel
Melvin M. Belli (1907-1996)

*Certified Specialist: Civil Trial Advocate
Certified by National Board of Trial Advocacy
Accredited by State Bar of California

**ATTORNEYS AT LAW**

8105 Edgewater Drive, Suite 100
Oakland, California 94621-2017
Telephone (510) 588-1000
General Facsimile (510) 729-6333
E-mail: johnhill@hill-law-offices.com

San Francisco Office
747 Leavenworth Street
San Francisco, California 94109
Telephone (415) 398-2434
Facsimile (415) 192-2809

Los Angeles Office
1112 11th Street, Suite 3
Santa Monica, California 90403
Telephone: 310-260-2100

August 29, 2007

**TRANSMITTED BY FACSIMILE**

Paul Simpson, Esq.
SIMPSON, GARRITY & INNES
501 Gateway Boulevard, Ste 950
South San Francisco, CA 94080

Re:    *Acosta, et al. v. AJW Construction*, No. RG 07341397

Dear Mr. Simpson:

I am in receipt of your letter of August 28, 2007 claiming Plaintiffs' causes of action are barred by a Settlement negotiated by Plaintiffs' collective bargaining agent. Please be advised that any agreement purportedly reached by the employer and the collective bargaining agent for the benefit of the individual Plaintiffs cannot affect the individual Plaintiffs' rights to wages earned and payable to the individual Plaintiff. [*Barrentine v. Arkansas-Best Freight Systems, Inc.* (1981) 450 U.S. 728, 745; *Local 246, Utility Workers Union v. Southern Cal. Edison Company* (9th Cir. 1996) 83 F.3d 292]

If you attempt to remove this matter to Federal court, we will move to remand the matter as being improvidently removed, and this correspondence is our notice to you that such an action on your part would be frivolous and in violation of Federal Rule of Civil Procedure 11, in addition to the attorney's fees awardable for actions improvidently removed. An individual's wage claim does not implicate the collective bargaining agreement and there would be no Federal jurisdiction for a wage claim for California residents employed in California.

Letter/fax to Paul Simpson, Esq.
August 29, 2007
Page -2-

    As far as your interest in discussing this matter, if you have a new interest in discussing this matter, I would be happy to do so.

Very truly yours,

Michael P. Guta

MPG/m

07 0829 3

# FAX TRANSMITTAL COVER SHEET

**LAW OFFICES OF JOHN E. HILL**
8105 Edgewater Drive
Oakland, CA 94621
Telephone: (510) 588-1000
FAX No. (510) 729-6333

DATE: ~~July 20~~ 8/29, 2007

TO: Paul Simpson, Esq.

CC:

PHONE:

FAX NO. 650-615-4861

RE: Acosta v. AJW Construction

FROM: Mike, for Michael P. Guta, Esq.

CC:

TOTAL PAGES __3__ (Including cover page)

A letter from Michael P. Guta, Esq. follows. A first class copy will NOT follow.

**Thank you very much.**

The information contained in this Facsimile Cover Sheet and any documents accompanying it are privileged and confidential information and are only for the use of the intended recipient named on the "TO:" line above. If you are not the intended recipient, or the employee or agent responsible to deliver this Cover Sheet and documents to the intended recipient, any disseminating, distributing or copying of this communication is neither intended, nor allowed. If you have received this fax in error, please notify us immediately by telephone at (415) 396-2434 and return the original and any copies of this Cover Sheet and documents that accompany it by mail. Thank you.

60116/e