1  Michael P. Guta (Bar No. 121509)
   LAW OFFICES OF JOHN E. HILL
2  8105 Edgewater Drive, Suite 100
   Oakland, CA 94621
3  Telephone:    (510) 588-1000
   Facsimile:    (510) 729- 6333
4
   Attorneys for Plaintiffs
5

6                UNITED STATES DISTRICT COURT

7               NORTHERN DISTRICT OF CALIFORNIA

8

9   HIPOLITO ACOSTA,                    )    Case No. C 07-04829 SC
    JESUS ACOSTA,                       )
10  FILEMON GARCIA, ENRIQUE             )    REPLY TO OPPOSITION TO
    JAUREGUI, SAUL LOZANO,              )    MOTION TO REMAND
11  RICARDO MUNGUIA, JUAN M             )    REMOVED ACTION AND FOR
    NAVARRO, JUAN                       )    ATTORNEY FEES AND COSTS
12  RODRIGUEZ, EVERARDO                 )
    VILLA                               )
13                                      )    Date:   November 16, 2007
                                        )    Time:  10:00 a.m.
14                                      )    Place: Courtroom 1, San Francisco
                                        )    Hon. Samuel Conti
15            Plaintiffs                )
                                        )
16  vs.                                 )
                                        )
17  AJW CONSTRUCTION, a                 )
    California corporation, and DOES    )
18  I through XX,                       )
                                        )
19            Defendants.               )
    _____)
20        In reply to the opposition to their motion to remand, Plaintiffs respectfully submit the

21  following Points and Authorities:

22                    I. **INTRODUCTION**

23        Defendants have removed this action filed under California Labor Code Section 216.

24  While the Complaint does not mention Federal Law, defendants based their removal on grounds

25

26

27                           1 _____
                                      REPLY TO OPPOSITION TO
28  071030 5          PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

1  that plaintiff's "garden variety" wage claim is pre-empted by the Employee Retirement Income

2  Security Act of 1974, as amended (hereinafter, "ERISA") 29 U.S.C. 1001 et seq. and the

3  National Labor Management Relations Act of 1947 (hereinafter "L.M.R.A.," 29 U.S.C.

4  185) [grounds of diversity [28 U.S.C §§ 1332(a)1), 1441, and 1446.]

## II. SUMMARY OF ARGUMENT

Defendant has failed in its burden to establish grounds for removal. [*Parker v. Brown* (SD Ohio 1983) 570 F. Supp. 640.] Defendant claims that the collective bargaining agreement would have to be consulted to determine the wage rate due each Plaintiff, and whether any Plaintiff is entitled to accrued time off or vacation pay. Yet, even assuming this was true, it is well settled that whether the collective bargaining agreement must be consulted is not determinative. Defendant has failed to establish that there is a dispute between the parties as to the meaning of any term of the collective bargaining agreement. [*Firestone v. Southern California Casualty Company* (9th Cir. 2000 219 F.3d 1063, 1065.] The omission is telling, giving that Defendant cites *Firestone* in its opposition memorandum [Defendant's Opposition Memo. 4:2-6.] Defendant claims that <u>if</u> there will be a dispute as to the appropriate hourly rate of pay for each Plaintiff, it may be a basis for preemption [Opp. Memo, p. 3.] Yet, as Defendant acknowledges [Opp. Memo. 3:16-17], the rate of pay for each Plaintiff is alleged in the Complaint. [See Complaint, Pars. 15-23.]

Thus, if Defendant had a basis to dispute the wage rate alleged in the Complaint or the meaning of any term in the collective bargaining agreement it had the opportunity. Defendant fails to show there is a dispute as to the meaning of contractual terms. Defendant's failure to make a showing to support the removal of this action requires the remand of this action to Alameda Superior Court.

071030 5

### III. ARGUMENT

**1.    Defendant Has Failed to Meet Its Burden to Show That There Is a Dispute In the Meaning of a Term of the Collective Bargaining Agreement.**

Defendant claims preemption based on Section 301 of the LRMA. Defendant has failed in its burden to establish grounds for removal.[*Parker v. Brown* (SD Ohio 1983) 570 F. Supp. 640.] Defendant claims that the collective bargaining agreement would have to be consulted to determine the wage rate due each Plaintiff, and whether any Plaintiff is entitled to accrued time off or vacation pay. But removal is proper only when a collective bargaining agreement must be <u>interpreted</u>. An interpretation is only necessary when there is a dispute as to the meaning of a contractual term. Defendant has failed to establish that there is a dispute between the parties as to the meaning of any term of the collective bargaining agreement. [*Firestone v. Southern California Casualty Company* (9th Cir. 2000 219 F.3d 1063, 1065.]¹

Further, Defendant claims that <u>if</u> there will be a dispute as to the appropriate hourly rate of pay for each Plaintiff, it may be a basis for preemption [Opp. Memo, p. 3.] Yet, as Defendant acknowledges [Opp. Memo. 3:16-17], the rate of pay for each Plaintiff is alleged in the Complaint. [See Complaint, Pars. 15-23.]

Thus, if Defendant had a basis to dispute the wage rate alleged in the Complaint or the meaning of any term in the collective bargaining agreement it had the opportunity. Defendant's failure to make a showing to support the removal of this action requires the remand of this action to Alameda Superior Court.

---

¹ As held in *Firestone*:
"When the meaning of particular contract terms are not disputed the fact that a collective bargaining agreement must be consulted for information will not result in Section 301 pre-emption"
*Firestone, supra* at p. 1065; *Cramer v. Consolidated Freightways, Inc.* (9th Cir. 2001) 255 F.3d 683, 691; *Valles v. Ivy Hill Corp.* (9th Cir. 2005) 410 F.3d 1071, 1080-1081.]

REPLY TO OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

071030 5

1    Thus, Defendant has failed to meet its burden to show that there is a dispute in

2  the meaning of a term of the collective bargaining agreement

3  .

### 2.    Defendant Has Failed to Meet Its Burden to Show That This Action Is Preempted by E.R.I.S.A.

5    Defendant claims Plaintiffs' claim for vested vacations is preempted by E.R.I.S.A. [Opp.

6  Memo, p. 5.] Defendant ignores the authority presented in Plaintiffs' Motion to Remand. It is

7  well established that the mere fact that certain benefits are offered through an E.R.I.S.A. plan

8  does not resolve the question.

9    In *L. Zechowski v. Tandy Corp.* (ND Cal. 1990) 731 F.Supp. 406, the employer removed

10  an action seeking to recover accrued vacation benefits, claiming it was provided through a

11  benefit plan. Citing the Supreme Court decision in *Massachusetts v. Morash* (1989) 490 U.S.

12  107, 109 S.Ct. 1668, 1672, 104 L.Ed.2d 98, the court remanded the action back to San Francisco

13  Superior Court, finding that a claim for accrued vacation is no different than a claim for wages

14  [*L. Zechowski, supra* at 408], and therefore not regulated by E.R.I.S.A.

15    Moreover, Plaintiffs' claim for accrued vacation benefits merely seeks damages in the

16  form of lost wages. Accrued vacation time are "wages" under California law. [Labor Code Sec

17  227.3.] In fact, the statute states "vested vacation shall be paid . . . as wages . . . ."[*Sequeira v.*

18  *Rincon-Vitova Insectaries, Inc.* (1995) 32 Cal.App.4th 632.] Defendant does not even suggest

19  Plaintiffs' wage claim is governed by E.R.I.S.A.

20    Thus, Defendant has failed to meet its burden to show that this action is preempted by

21  E.R.I.S.A.

22

23  *//*

24

25

26

27

28  071030 5

REPLY TO OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

3.    **Defendant's Purported Agreement Releasing Defendant from Any Claim in Return for Payment of Back Wages Is Void As Against Public Policy and a Misdemeanor Under California Law.**

Defendant presents a purported contract releasing it from liability in return for the payment of $2,500.00 in back wages [See Quintor Decl., Par 4, Exh. B.] Defendant claims that six of the nine Plaintiffs have signed such an agreement. [Memo., p. 3, Fn. 1.] Yet, Defendant presents only one of the Plaintiffs' purported agreements. In any case, under California law, Labor Code Section 206.5 states:

> "No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made. Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor."

Clearly, the agreement purports to release Defendant from liability in return for a payment settling a wage claim.

Thus, Defendant's purported agreement releasing Defendant from any claim in return for payment of back wages is void as against public policy and a misdemeanor under California law.

4.    **Plaintiffs Are Entitled to Attorney Fees.**

Defendant claims Plaintiffs' basis for removal was reasonable. [Memo., pp. 6-7.] Yet, the record is clear that Defendant did not even attempt to answer Plaintiffs' counsel's correspondence demonstrating no basis for removal before filing the instant Notice of Removal. Furthermore, Defendant failed to even attempt to meet the standard set forth in *Firestone v. Southern Calif. Casualty* (9th Cir. 2000) 219 F.3d 1063, 1065, even though it was cited in its opposition brief. Plaintiff has expended an additional six hours preparing this reply memorandum.

REPLY TO OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

071030 5

1    Thus, Plaintiffs should be awarded $2,700.00 ( $900 for preparing opening memorandum

2    plus $1,800 for the instant reply memorandum).

3

4                              V.  CONCLUSION

5    For the foregoing reasons, Plaintiff's motion should be granted, the matter should be

6    remanded, and Plaintiff's attorneys be awarded reasonable attorney's fees of $2,700.00  under 28

7    U.S.C. 1447(c).

8

9    Dated:  11/1/07                LAW OFFICES OF JOHN E. HILL

10

11

12                              By: _____
                                   Michael P. Guta
                                   Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              6

28   071030 5                    REPLY TO OPPOSITION TO
                                 PLAINTIFFS' MOTION TO REMAND REMOVED ACTION

PROOF OF SERVICE

1
2
3    I, Michael R. Sher, do hereby declare as follows:

4    I am employed in the City of Oakland, and the County of Alameda, California. I am over

5  the age of 18 years and not a party to the within action. My business address is Law Offices of

6  John E. Hill, 8105 Edgewater Drive, Suite 100, Oakland, California 94621.

7    On _____11/1_____, 2007, I served the within: REPLY TO OPPOSITION TO

8  REMAND REMOVED ACTION, DECLARATION OF MICHAEL P. GUTA IN SUPPORT OF

9  REPLY, by placing a true copy thereof in a sealed envelope, addressed as follows:

10
   Kendall Burton, Esq.
11 SIMPSON, GARRITY & INNES
   601 Gateway Blvd., Ste 950
12 South San Francisco, CA 94080
   (650) 615-4860
13 Fax: (650) 615-4861

14   X   (By Mail) I caused each such envelope, with postage thereon fully prepaid, to be placed in
          the United States mail at Oakland, California.
15
16      (By Personal Service) I caused each such envelope to be delivered by hand to the offices of
          each addressee above.

17      (Telecopier) I caused each such document to be delivered by telecopier to the offices of
          each addressee above.
18
        (Federal Express Mail) I caused each such document to be delivered by hand to the offices
19        of each addressee by Federal Express, over night service.

20      I declare under penalty of perjury that the foregoing is true and correct.

21 Executed on _____11/1_____, 2007 at Oakland, California.

22
23                                              _Michael Sher_ (signature)
                                                MICHAEL R. SHER
24
25
26
27      7_____
                                    REPLY TO OPPOSITION TO
28 071030 5            PLAINTIFFS' MOTION TO REMAND REMOVED ACTION